IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ALISON TURNER,

        Plaintiff,

v.                        CIVIL ACTION NO.   3:12-7245
                              (Consolidated with 3:12-7246 and 3:12-7248)

TOYS "R" US, INC., a Delaware Corporation
doing business in Cabell County, West Virginia;
MOHAMMAD ROMAN, individually and in his
capacity as general store manager of TOYS "R "
US, INC.; and JOHN DOE, unknown person or persons,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Alison Turner's Motion for Remand (ECF No. 50). For the reasons stated below, this Motion is **DENIED**.

**I.   Statement of Facts**

On September 24, 2012, Plaintiff commenced this action in the Circuit Court of Cabell County, West Virginia, seeking compensatory damages, punitive damages, and pre-judgment interest from Defendants Mohammad Roman, Toys "R" Us, and John Doe. On November 1, 2012, Defendants removed this case to this Court under 28 U.S.C. § 1441 based on 28 U.S.C. § 1332 diversity jurisdiction. Plaintiff filed an Amended Complaint with this Court on January 1, 2013, stating in the *ad damnum* section, "Plaintiff [demands] judgment . . . against Defendants for compensatory damages in an amount excess of this Court's minimum jurisdictional limit. Plaintiff

1

further demands . . . punitive damages against . . . Defendants . . . in an appropriate sum, which will properly punish Defendants for their conduct and deter other like-minded parties." Am. Compl. at 7, ECF No. 13. On April 22, 2013, this case was consolidated for pretrial matters with two other cases against Defendants. The parties have undertaken extensive discovery in this Court.

On September 9, 2013, Plaintiff filed the Motion for Remand that is the subject of this Order, stating that this Court does not have jurisdiction over this case, given that "[t]he matter in controversy . . . equals a sum or value less than the minimum jurisdictional amount of $75,000.00." Mem. in Supp. of Remand, ECF No. 51. In support of this contention, Plaintiff attaches a "binding stipulation" which states, "[Plaintiff] does hereby stipulate that she does not seek nor will she accept a sum of money from . . . Defendants . . . in excess of $75,000.00." Binding Stipulation of Alison Turner, ECF. No. 50-1. This stipulation is signed by Plaintiff and counsel for Plaintiff, and notarized. Plaintiff also attaches a settlement demand letter addressed to Defendants' counsel. The letter states, "[Plaintiff] will accept the sum of $50,000.00 in exchange for a full release of all her claims of any nature including attorney fees, punitive damages, and compensatory damages against all parties in interest." Letter from Michael A. Woelfel, Woelfel & Woelfel, LLP, to A. Patricia Diulus-Myers & Bethany Swanton Wagner, Jackson Lewis (Sept. 4, 2013), ECF No. 50-2.

Defendants timely filed their Response. While acknowledging their burden to prove that the value of the matter exceeds $75,000 by a preponderance of the evidence, Defendants argue that the large number of claims for which damages are requested in the Complaint—along with the legal and equitable relief, attorney's fees, and punitive damages which Plaintiff may be entitled to under the West Virginia Human Rights Act—could exceed the minimum jurisdictional amount. Defs.' Resp. in Opp'n to Pl.'s Mot. for Remand at 2-3, ECF No. 54. Defendants argue that the

2

stipulation is untimely filed to affect jurisdiction, that Plaintiff on two occasions during discovery refused to state the damages she is seeking with particularity, and that, if remand is granted, prejudice will result for Defendants, given the consolidation of this case with two others for all pretrial matters, the extensive and continuing discovery in this case, and upcoming plans for mediation. *Id.* at 3-5. Defendants argue that Plaintiff is only seeking remand so long after removal because, after extensive discovery, Plaintiff now believes her case to be weak and worth less than she thought originally. *Id.* at 3-4. Defendants request that this Court deny the Motion to Remand and assess all costs and fees related to their Response against Plaintiff.

Plaintiff's timely Reply states that Defendants failed to meet their burden of proving, by a preponderance of the evidence, that the value of the matter exceeds $75,000. This Motion is now ripe for resolution.

## II.  Standard

Section 1332 states that "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The parties do not dispute diversity; they only dispute whether the amount in controversy exceeds $75,000.

The amount in controversy is determined at the time of removal, not as increased or decreased by later events. *See Shumate v. DynCorp Int'l LLC*, No. 5:11-CV-00980, 2012 WL 830241, at *5 (S.D. W. Va. Mar. 9, 2012). "[I]f there is no *ad damnum* clause [in the complaint] with an amount over $75,000, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 962 (S.D. W. Va. 2011). "To satisfy this burden, [the] defendant must offer more than a

3

bare allegation that the amount in controversy exceeds $75,000." *A2C2 P'ship LLC v. Constellation Software, Inc.*, No. 2:13-CV-01449, 2013 WL 5204756 (S.D. W. Va. Sept. 13, 2013). To determine the amount in controversy, a court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001).

Additionally, in this district, a unilateral stipulation must be "a formal, truly binding, *pre-removal* stipulation signed by counsel and his client explicitly limiting recovery" in order to limit the amount in controversy in the case. *Id.* at 485 (emphasis added). Further, "the stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief." *Id.* at 486.

### III. Analysis

The Court first notes that, in the eleven months since the removal of this case to this Court, Plaintiff has never before filed a motion to remand or in any way challenged the amount in controversy alleged in Defendants' Notice of Removal, despite the fact that Defendants devote eight of the thirty numbered paragraphs in the Notice to this precise issue. Defs.' Notice of Removal ¶¶ 3, 20-26, ECF No. 1.

Second, given that Plaintiff's stipulation and settlement demand were both first filed simultaneously with Plaintiff's Motion to Remand, neither holds weight in determining the amount in controversy in this case.

Third, to the extent that the *ad damnum* section of the Plaintiff's Amended Complaint states an amount in controversy, it supports Defendants' burden since it states that "Plaintiff [demands] judgment . . . against Defendants for compensatory damages *in an amount excess of this Court's minimum jurisdictional limit*." Am. Compl. at 7 (emphasis added).

Finally, in her Amended Complaint, Plaintiff alleges sexual harassment, sexual exploitation, a hostile work environment, negligent retention , negligent failure to train, negligent failure to supervise, negligent failure to intervene, intentional infliction of emotional distress, retaliation, invasion of privacy, willful and wanton conduct, sexual battery, civil assault, civil battery, negligent infliction of emotional distress, violation of the West Virginia Human Rights Act, and violation of the public policy of the State of West Virginia. Am. Compl. ¶¶ 3, 5-16, 18-19, 21, 23, 25, 27. Plaintiff requests compensatory damages for anxiety, humiliation, annoyance and inconvenience, emotional distress, pain and suffering, mental anguish, loss of ability to enjoy life, and present and future medical expenses. *Id.* at 7 & ¶ 29. She also requests punitive damages against all Defendants and "such other . . . relief as this . . . Court may deem proper."[1] *Id.* at 7. Plaintiff specifically alleges a course of atrocious conduct by Defendant Roman, including "frequently press[ing] his pelvic area against Plaintiff's lower body . . . to satisfy his . . . lascivious desires," "recount[ing] his sexual experiences," "describ[ing] the size of his erect penis in the context of imagined sexual intercourse with her," and "utiliz[ing] his position of authority . . . [to] attempt[] to coerce sexual favors from her." Am. Compl. ¶ 10. She also alleges that Defendants Toys "R" Us and Doe "knew or should have known of [past] acts of . . . sexual exploitation of women by [Defendant] Roman," "were made aware" of Defendant Roman's sexual exploitation of

---

[1] Under the West Virginia Human Rights Act alone, a successful complainant may be entitled to legal relief, equitable relief, punitive damages, and attorney's fees. W. Va. Code § 5-11-13(c); *CSX Transp., Inc. v. Smith*, 729 S.E.2d 151, 172 (W. Va. 2012).

5

Plaintiff and "failed to intervene," and "retaliat[ed] [against Plaintiff] . . . for reporting [Defendant Roman's] misconduct." *Id.* ¶¶ 6, 9, 15. Taking into account the large number of claims, the alleged extensive course of abusive conduct, and the demand for punitive damages against all Defendants, the Court finds that Defendants have proven by a preponderance of the evidence that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000. Thus, Plaintiff's Motion for Remand is denied.

### IV. Conclusion

Plaintiff Turner's Motion for Remand (ECF No. 50) is **DENIED**.

Defendants request that this Court assess all costs and fees related to their Response against Plaintiff. Though Plaintiff's Motion to Remand was filed much later than prudence would recommend, the Motion alleged lack of subject matter jurisdiction, which may be raised "at any time before final judgment." 28 U.S.C. § 1447(c). While Defendants have succeeded in carrying their burden regarding the amount in controversy in this case, they have not shown Plaintiff's conduct to be in "bad faith" under Federal Rule of Civil Procedure 11.[2] *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766-67 (1980). Plaintiff has merely held Defendants to their burden. Thus, to the extent that the Court has discretion to award attorney's fees or costs when a motion to remand is denied, it will not do so here.

---

[2] The Court would only have discretion to order *Defendants* to pay costs and fees incurred *as a result of removal* in an order *remanding* a case under 28 U.S.C. § 1447(c).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                                             ENTER:     October 9, 2013

                                             ROBERT C. CHAMBERS, CHIEF JUDGE